# C. AUGUST VOGEL

*v.*

# EMERSON W. SCOTT *et al.*

1. WARRANTY—*effect of a subsequent written guaranty.* Where the purchaser of a lot of dried beef sued the vendor, upon an alleged warranty that the beef was of a certain quality, and there was a direct conflict in the evidence as to whether there was any warranty, the plaintiff offered evidence of a guaranty, written under the invoice by the vendor after the making of the contract, and signed by him: *Held,* that if such guaranty of the quality was signed in pursuance of the original contract, it was conclusive upon the rights of the parties, but if not so signed it could not strengthen the plaintiff's cause.

2. SAME—*instruction as to subsequent guaranty.* In such case the court instructed the jury, that if they believed, from the evidence, that the defendant sold the plaintiff a quantity of dried beef hams, at, etc., and in consideration thereof gave his written warranty, as shown in the evidence, and there was a breach, to find for the plaintiff: *Held,* that the instruction was erroneous as being calculated to lead the jury to believe they might find for plaintiff on the subsequent written guaranty, independently of the question whether such guaranty was a part of the original contract.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge presiding.

Messrs. RUNYAN, AVERY, LOOMIS & COMSTOCK, for the appellant.

Messrs. HUNTER & PAGE, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of assumpsit, brought by appellees in the circuit court of Cook county, against appellant.

Appellees allege that they purchased a large lot of dried beef of appellant, which they claim he warranted to be sound and of a merchantable quality, and on ascertaining that it was not as they say it was represented, they offered to return it, but

that he refused to receive it and pay back the consideration with reasonable damages.

Appellant explicitly denies that he ever warranted the beef, and states that he refused to do so, and that appellees agreed to take it on board of trade inspection, and when the meat was delivered it bore inspection by the board of trade inspector.

The principal errors assigned, are:

First—That the verdict is against the weight of the evidence.

Second—That the court erred in giving the first and second instructions on behalf of appellees.

There were but three persons present at the making of the original contract, viz: appellant and his son, and appellee Collins. There is a direct conflict in the evidence as to whether appellant warranted the meat to be of a certain quality, or whether appellees agreed to take it if it bore the board of trade inspection.

In this doubtful state of the evidence, the guaranty subsequently written under the invoice and signed by appellant, was evidence of the most important character. If it was signed in pursuance of the original contract it would be conclusive of the rights of the parties, but if not so signed it would not strengthen appellees' cause.

On this question the court gave the following instruction:

"If the jury believe, from the evidence, that the defendant in this case sold the plaintiffs a quantity of dried beef hams, at a price of 13¾ cents per pound, and in consideration thereof the defendant gave his written warranty as shown in the evidence, etc."

The instruction is erroneous, as it would lead the jury to believe that they might find a verdict for appellees on the subsequent written guaranty, independently of the question whether such guaranty was a part of the original contract.

Although the law is accurately stated in the instructions for appellant, we are inclined to think, on examining the evidence, that the jury were misled by this instruction; for which reason we are of opinion that it would tend to the ends of justice that this cause should be reversed and submitted to another jury without the objectionable instruction on this vital question in the case.

We are unable to perceive any objection to the second instruction given for appellees.

The judgment is reversed and the cause remanded.

*Judgment reversed.*